UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-338 |
| FRED JOINER, III | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court are Petitioner's **Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 109)** and the United States' **Memorandum in Opposition (Rec. Doc. 116).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

On November 30, 2006, Petitioner was indicted on two counts of violating 21 U.S.C. § 846 by knowingly and intentionally distributing five or more grams of cocaine base ("crack") and one count of conspiring to distribute and possess fifty grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846.  On June 27, 2007, Petitioner entered a guilty plea as to Counts 2 and 3 of the Indictment (the distribution counts), and the United States then dismissed Count 1 (the conspiracy count).  In the plea agreement, Petitioner indicated that he understood that the statutory maximum penalty for Counts 2 and 3 was life imprisonment with a mandatory minimum sentence of ten years.  He also expressly waived his right to appeal his conviction and

sentence with two exceptions: ineffective assistance of counsel claims and direct appeal of any sentence imposed in excess of the statutory maximum.

On February 20, 2008, Petitioner was sentenced to 180 months on Counts 2 and 3 of the Indictment.  During the sentencing, the Court emphasized that while the Sentencing Guidelines suggested a range of 92-115 months, a 120-month mandatory minimum sentence was required.  The Court also cited Petitioner's extensive criminal history and inability to reform himself as reasons for imposing the 180-month sentence.

On February 29, 2008, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit, and his counsel requested to withdraw from the case on December 30, 2008.  The Fifth Circuit affirmed Petitioner's conviction on July 8, 2009, and dismissed Petitioner's appeal as frivolous. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.  On March 21, 2011, Petition filed the instant Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 109).

## DISCUSSION

A petitioner seeking collateral relief from his sentence has one year from the "date on which the judgment of conviction becomes final" to file a motion under 28 U.S.C. § 2255.  28

2

U.S.C. § 2255(f)(1) (2011).  Both the Supreme Court and the Fifth Circuit have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).  If a criminal defendant files a timely direct appeal of his sentence that is subsequently denied by the appellate court, then the defendant has ninety days to file a petition for a writ of certiorari to the Supreme Court.  Sup. Ct. R. 13(1) (2011).  If a criminal defendant does not seek review by the Supreme Court, then expiration of this ninety-day period renders the defendant's conviction final for purposes of collateral review.  See Clay, 537 U.S. at 532; see also Gamble, 208 F.3d at 536-37.

In this case, Petitioner's conviction was affirmed by the Fifth Circuit on July 8, 2009.  Pursuant to Supreme Court Rule 13, Petitioner then had ninety days—or until October 8, 2009—to file a petition for a writ of certiorari to that court. Petitioner chose not to file a petition for a writ of certiorari to the Supreme Court before the October 8, 2009, deadline, so his conviction became final for purposes of collateral review on that date.  Thus, the one-year statute of limitations for filing a motion under 28 U.S.C. § 2255 began to run on October 8, 2009, and expired on October 8, 2010.  Petitioner did not file the

instant Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 109) until March 21, 2011, which is more than five months after the one-year statute of limitations had expired.

Although Petitioner filed the instant motion after October 8, 2010, the one-year statute of limitations is subject to equitable tolling, which is "permissible only in 'rare and exceptional circumstances.'" United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of the action or is prevented in some extraordinary way from asserting his rights." United States v. Kirkham, 367 Fed. App'x 539, 541 (5th Cir. 2010) (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted).

The Court finds that Petitioner has not demonstrated that equitable tolling is warranted in this case. Petitioner does not provide any explanation for the delay in filing the instant motion, and he does not assert any grounds for equitable tolling of the applicable one-year statute of limitations. Thus, Petitioner's motion is untimely.

Accordingly, **IT IS ORDERED** that Petitioner's **Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Rec. Doc. 109)** is **DENIED**.

New Orleans, Louisiana, this 24th day of June, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT